IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BARBARA HAIGLER, )
)
        Plaintiff, )
)
v. ) Civil Action No. 3:22cv71–HEH
)
ROYAL FARMS, )
)
        Defendant. )

**MEMORANDUM OPINION**
**(Granting Defendant's Motion to Dismiss)**

This matter is before the Court on Defendant Royal Farms' Motion to Dismiss (the "Motion") filed on March 21, 2022, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.) Plaintiff Barbara Haigler ("Haigler" or "Plaintiff") filed her Complaint in December 2021 in the Circuit Court for Spotsylvania County. (Compl., ECF No. 1-2.) Royal Farms removed the action to this Court on February 2, 2022.

At a Show Cause hearing on May 31, 2022, in which Plaintiff's counsel was required to explain why he was absent at an initial pretrial conference, the Court advised counsel for Plaintiff that there was a Motion to Dismiss pending. Plaintiff's counsel had already exceeded his time for filing a response, but the Court gave him an additional 21 days to respond to the Motion. More than 21 days have passed since the hearing and Plaintiff's counsel has not responded. For the reasons stated herein, the Court will grant the Motion.

## I. STANDARD OF REVIEW

A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (alteration in original) (quoting *Tobey*, 706 F.3d at 387). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). A court, however, "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). In considering a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

## II. BACKGROUND

Plaintiff began working at a Royal Farms convenience store in Fredericksburg, Virginia in March 2019. (Compl. ¶ 20.) Royal Farms implemented a corporate-wide mask mandate on August 12, 2021, in response to the COVID-19 pandemic. (*Id.* ¶ 25.) The mandate required all Royal Farms employees and vendors to wear masks, but customers were not required to wear masks. (*Id.*)

In the Complaint, Plaintiff states that she "has a sincerely-held religious belief based on her Christian religion, faith in God, and belief in the Bible, preventing her from covering her face with a mask or shield" or receiving a COVID-19 vaccine or test. (*Id.* ¶ 27.) Because of that belief, Plaintiff submitted a request for religious accommodation from the mask mandate to Royal Farms on August 13, 2021. (*Id.* ¶ 28.) An agent of Defendant responded and requested further evidence of Plaintiff's belief system. (*Id.* ¶ 29.) The agent indicated that the evidence or information could come from "religious leaders, fellow adherents, family, friends, neighbors, managers or co-workers." (*Id.*) Rather than provide the types of evidence the agent requested, Plaintiff just responded to the email exclaiming that she has "been very consistent in expressing and demonstrating since the mask mandate started" and that her expression is "well documented." (*Id.* ¶ 30.)

The agent and Plaintiff exchanged a number of emails between August 18, 2021, and August 19, 2021. In those emails, Plaintiff continued to explain her sincerely held religious beliefs and included a letter from a "trusted clergy member." (*Id.* ¶ 32.) She also asked the agent to be more specific about the types of supporting documents she needed to provide as evidence. (*Id.*) The agent responded that they would consider any

documents but that the documents Plaintiff had submitted thus far were "simple downloads from the internet—not from people with whom [Plaintiff had] a personal relationship." (*Id.* ¶ 33.) Plaintiff did not provide any further documentation. (*Id.* ¶ 34.)

On August 20, 2021, the agent notified Plaintiff that, even if Royal Farms were to accept her view as a sincerely held religious belief, the company determined that her refusal to wear a mask, get a shot, or test for COVID-19 creates a threat to other employees and customers. (*Id.* ¶ 35.) Consequently, the agent stated, Defendant was unable to create a reasonable accommodation for Plaintiff's beliefs. (*Id.*) Additionally, the agent responded that Plaintiff could either "[r]eturn to work and comply with the company policy on wearing a mask or shield or decide that [she] will not be returning to work." (*Id.* ¶ 37.) Instead, Plaintiff returned to work on August 26, 2021, and refused to wear a mask. (*Id.* ¶ 40.) Defendant notified Plaintiff of her termination effective August 26, 2021. (*Id.*)

Plaintiff alleges two claims for relief and "Declaratory Relief Allegations." The first claim alleges "Religious Discrimination in Violation of Chapter 39 of the Virginia Human Rights Act, Code of Virginia § 2.2-390, *et seq.*, and Title VII of the U.S. Civil Rights Act, U.S.C. § 2000e." (*Id.* ¶¶ 41–46.) The second claim alleges "Retaliation in Violation of Chapter 39 of the Virginia Human Rights Act, Code of Virginia § 2.2-3905." (*Id.* ¶¶ 47–54.) Finally, the "Declaratory Relief Allegations" section of the Complaint states that there is a "present and actual controversy" between Plaintiff and Defendant regarding Plaintiff's rights and duties and that Defendant violated those rights. (*Id.* ¶ 55.)

4

Further, it states that, because Defendant allegedly denies the allegations, "[d]eclaratory relief is . . . necessary and appropriate." (*Id.*)

### III.  DISCUSSION

In its Motion, Defendant seeks only to dismiss the "Declaratory Relief Allegations" portion of the Complaint. (Mot. at 1, ECF No. 7.) Specifically, Defendant states that Plaintiff's rights have matured and, in fact, the first and second claims for relief will address the alleged violation of Plaintiff's rights. (*Id.*) Therefore, Defendant argues, "a judicial declaration of the rights and duties of the respective parties" (Compl. ¶ 56) is unnecessary and Plaintiff's "Declaratory Relief Allegations" should be dismissed with prejudice.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), states that when an actual case or controversy exists, "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." This Act confers "substantial discretion" on the federal courts "in deciding whether to declare the rights of litigants" and is not considered an absolute right for litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995).

Additionally, since its inception, courts have provided further guidance on when it is appropriate for a court to issue a declaratory judgment. A declaratory judgment is appropriate "when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *The Hipage Co., Inc. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 614 (E.D. Va. 2008) (quoting *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004)). Further, declaratory judgment can relieve uncertainty for a

party that is insecure about a potential future lawsuit. *Id.* at 615 (quoting *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998)). However, if there is a suit for actual relief pending, then a party will not have "'insecurity' of looming litigation." *Id.* Thus, if there is a suit for actual relief, a declaratory judgment would not fulfill the purpose of the Declaratory Judgment Act and would not be appropriate. *See id.*

In addition to easing insecurity about *impending* litigation, "declaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation." *Id.* (citing *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 593–94). Consequently, courts have found that where "claims and rights have fully matured, and the alleged wrongs have already been suffered," declaratory judgment is an inappropriate remedy. *Trull v. Smolka*, No. 3:08cv460, 2008 WL 4279599, at *8 (E.D. Va. Sept. 18, 2008) (internal quotations omitted); *Bd. of Cnty. Supervisors of Prince William Cnty. v. Hylton Enters., Inc.*, 221 S.E.2d 534, 537 (Va. 1976); *The Hipage Co., Inc.*, 589 F. Supp. 2d at 615.

Here, Plaintiff's claims and rights have clearly matured, and the alleged wrongs have been suffered. In her first two claims, Plaintiff alleges that Defendant discriminated against her based on her religion and retaliated against her when she made informal and formal complaints. (Compl. ¶¶ 41–54.) Further, she seeks various forms of relief to address these alleged wrongs. (*Id.* ¶¶ 44, 53.) A declaratory judgment would not ease any insecurity of impending litigation, nor would it provide any guidance as to how Defendant could conform its conduct to avoid committing the alleged wrongs and prevent litigation. *See The Hipage Co., Inc.*, 589 F. Supp. 2d. at 615. Because Plaintiff's claims

6

and rights have fully matured and the alleged wrongs, discrimination and retaliation, have already occurred, a declaratory judgment in this case would not achieve the purpose of the Declaratory Judgment Act and is not an appropriate remedy. Thus, Plaintiff has not pled sufficient facts to state a claim for declaratory relief under Rule 12(b)(6).

Accordingly, Defendant's Motion to Dismiss will be granted and the Court will dismiss the "Declaratory Relief Allegations" section of Plaintiff's Complaint.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: July 19, 2022
Richmond, Virginia